881 F.2d 1075
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billie Jean EVERSOLE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-5740.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Billie Jean Eversole applied for social security disability benefits based on acute back strain and several other physical and mental impairments. An administrative law judge denied benefits--a decision which the Appeals Council, a federal magistrate, and the district court refused to disturb.
 
 
 2
 After Mrs. Eversole perfected the present appeal, the Secretary acknowledged for the first time that the decision improperly failed to take account of the evaluations and evidence submitted by Mrs. Eversole's treating physicians. (The Secretary had relied exclusively on the opinions of two consulting physicians.) The Secretary asks us to remand the case for the purpose of "reevaluating the opinions of disability rendered by Appellant's treating physicians in light of the accompanying reports submitted by those physicians."
 
 
 3
 Mrs. Eversole opposes the request. She argues that the proof of disability is overwhelming and that we ought therefore to remand the case for an award of benefits.
 
 
 4
 Both sides cite Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir.1985). "In cases where there is an adequate record," we wrote there, "the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking."
 
 
 5
 We are not prepared to follow that course here. Mrs. Eversole may well prove to be entitled to benefits, but the sounder procedure, we think, would be to require the Secretary or his designee to make the initial determination as to the relative weight to be given the conflicting views advanced by Mrs. Eversole's treating physicians, on the one hand, and the Secretary's consulting physicians on the other.
 
 
 6
 The judgment of the district court is VACATED, and the case is REMANDED for further proceedings at the administrative level.